UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE PACHECO,<br><br>                Plaintiff,<br><br>v.<br><br>L&R GROUP OF COMPANIES, INC. d/b/a WALLYPARK and LR O'HARE WALLYPARK, LLC,<br><br>                Defendants. | Case No. 2021-cv-737 |

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446 and 1453(b), Defendant LR O'Hare Wallypark, LLC ("L&R"),[1] by its attorneys, gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

### I. Factual Background

1. On January 8, 2021, Plaintiff Eddie Pacheco ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, styled *Eddie Pacheco v. L&R Group of Companies, Inc. d/b/a Wallypark and LR O'Hare Wallypark, LLC*, No. 2020-CH-07551 (Cir. Ct. Cook County, Illinois). Plaintiff's Complaint named L&R as a defendant and was served on L&R on January 11, 2021. A true and correct copy of all process, pleadings, and orders

---

[1] "L&R Group of Companies, Inc. d/b/a Wallypark," the other named defendant in this action, is a fictitious trade name and is not a legal entity. *See* Lumer Dec. at ¶ 3, Ex. 2. Accordingly, "L&R Group of Companies, Inc. d/b/a Wallypark" is disregarded and not considered for purposes of removal under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1441(b)(1).

1

served upon L&R with respect to this action are attached as Exhibit A to the Declaration of Mary A. Smigielski, attached hereto as Exhibit 1.

2. A true and correct copy of the Circuit Court of Cook County docket as of February 10, 2021 is attached as Exhibit B to the Declaration of Mary A. Smigielski, Ex. 1. A true and correct copy of the remainder of the Cook County Court file as of February 10, 2021 is attached as Exhibit C to the Declaration of Mary A. Smigielski, Ex. 1.

3. Plaintiff's Complaint alleges that L&R purportedly has violated Sections 15(a) and 15(b) of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* ("BIPA") by: (1) failing to institute, maintain and adhere to a publicly available retention schedule for biometric identifiers or biometric information in violation of 740 ILCS § 14/15(a); and (2) failing to obtain informed consent before obtaining biometric identifiers or information in violation of 740 ILCS § 14/15(b). *See* Compl. at ¶¶ 32-40. Plaintiff thus alleges at least two purported violations of BIPA (per putative class member) and seeks to recoup liquidated damages for each reckless or negligent violation of the statute, Compl. at ¶¶ 40, and also seeks injunctive relief under the statute to compel L&R to comply with BIPA. *Id.* Additionally, Plaintiff alleges that "*each* instance in which [L&R] collected, stored, used or otherwise obtained Plaintiff's [] biometric identifiers … *constitutes a separate violation* of the statute." *Id.* at ¶ 39 (emphasis added).

4. Plaintiff's claims are premised on the same underlying operative factual allegations, namely: "during the course of Plaintiff's employment at [L&R's] Schiller Park facility, Defendant required Plaintiff to place his fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints," *id.* at ¶ 19; "Plaintiff was required to use his fingerprint to clock in and out of work

2

… on a daily basis," *id*. at ¶ 20; and that L&R collected or captured Plaintiff's fingerprints without first obtaining Plaintiff's consent to do so as required by BIPA. *See id.* at ¶¶ 21-24.

5.  Based on these and other factual allegations in the Complaint, Plaintiff asserts claims for reckless, or, alternatively, negligent violations of BIPA and seeks declaratory and injunctive relief as well as statutory damages, attorneys' fees and costs. *Id.* at ¶ 40; *see also id.* at p. 11, Prayer for Relief, subparts A-G. Plaintiff specifically alleges that he is entitled to $5,000 for "each and every violation of BIPA to the extent committed intentionally or reckless" and seeks a declaration "[d]eclaring that Defendant's conduct violated the Act." *Id.* at ¶ 40; *see also id.* p. 11, Prayer for Relief, subparts C, D. Plaintiff seeks to represent a class of similarly situated individuals comprising:

> All individuals who had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois.

*Id.* at ¶ 26.

6.  Plaintiff alleges he is a citizen of Schiller Park, Illinois. *Id.* at ¶ 7. Plaintiff further alleges that he worked for L&R from approximately October 2019 to March 2020. *Id.* at 27.

7.  Plaintiff alleges on information and belief that L&R is a "subsidiary of Defendant L&R Group of Companies, Inc. and shares a principal office with of Defendant L&R Group of Companies, Inc." at its headquarters in Los Angeles, California. *Id*. at ¶¶ 8-9.

8.  L&R is in fact a Delaware limited liability company that is headquartered in Los Angeles, California. *See* Declaration of Jeffrey Lumer at ¶ 3, attached as Exhibit 2. As a limited liability company, L&R's lone member is L&R Towers, a California general partnership. *Id*. All of the partners of L&R Towers are individuals who are citizens of California or entities that are

3

organized under California and headquartered in California. *Id.* None of L&R Tower's partners are citizens of Illinois. *Id.*

## II. Removal is Proper As This Court Has Diversity Jurisdiction

9. Removal is proper under 28 U.S.C. § 1332(a) because complete diversity between the parties exists, and the amount of damages in question exceeds the $75,000.00 threshold.

10. District courts have jurisdiction over cases in which the parties are citizens of different states and the amount in question exceeds $75,000.00. 28 U.S.C. § 1332(a). "The citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of each of the limited liability company's members." *Mathes v. Bayer Corp.*, No. 09-cv-630, 2009 U.S. Dist. LEXIS 75048 *9 (S.D. Ill. August 24, 2009); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (for purposes of diversity jurisdiction, a limited liability company is treated like a partnership and takes on the citizenship of all members). A human being is a citizen of the state of his domicile—the state he considers his permanent home. *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991)).

11. Here, L&R is a Delaware limited liability company, and its lone member is a California partnership, L&R Towers, and all partners of L&R Towers are citizens of California. *See* Lumer Dec. at ¶ 3, Ex. 2. L&R is, therefore, a citizen of California. As alleged by Plaintiff, he is a citizen of Illinois, Compl. at ¶ 7, and is thus a citizen of Illinois for purposes of analyzing diversity jurisdiction. Accordingly, L&R and Plaintiff are citizens of different states, and complete diversity between the parties exists.

12. This case also satisfies the minimum amount in controversy threshold of $75,000.00. *See* 18 U.S.C. 1332(a). Plaintiff asserts at least two causes of action under BIPA and alleges that "*each* instance in which [L&R] collected, stored, used or otherwise obtained Plaintiff's

[] biometric identifiers … *constitutes a separate violation* of the statute." *Id.* at ¶ 39 (emphasis added). Plaintiff seeks to recover $5,000 in damages for *each* reckless violation of the Act. Compl. at ¶ 40; *see also id.* at p. 11, Prayer for Relief Subsection C (seeking $5,000.00 in liquidated damages "for each" willful and/or reckless violation of the Act). Plaintiff alleges he worked for L&R for over one year, *id.* at 18, and that L&R collected biometrics in violation of the Act each time he clocked in and out of work. *Id.* at ¶¶ 19-20.

13. According to L&R's records as kept in the regular course of business, Plaintiff worked at its Schiller Park, Illinois parking facility as a Valet from November 13, 2018 to March 20, 2020. Declaration of Sandra Valencia at ¶ 3, attached as Exhibit 3. Plaintiff was a full-time hourly, non-exempt employee and utilized the timeclock alleged in his Complaint to clock in/out of work each time he (i) began his workday, (ii) clocked out for lunch, (iii) clocked in after lunch, and (iv) ended his workday. *Id.* at ¶ 4. Thus if Plaintiff prevails on his claims as alleged ($5,000 for each reckless violation at four "scans" per day – *i.e.* $20,000 per day – over a one and a half year time period), Plaintiff's individual claims are well in excess of the $75,000.00 threshold required for diversity jurisdiction. *See, e.g., Cothron v. White Castle System*, No. 19 CV 00382, 2020 U.S. Dist. LEXIS 141391 (N.D. Ill. Aug. 7, 2020) (holding "per scan" violation theory of damages under BIPA is plausible). Accordingly, the amount in controversy far exceeds the $75,000.00 jurisdictional threshold, complete diversity between the parties exist, and this Court has diversity jurisdiction over this case under 18 U.S.C. § 1332(a).

### III. Compliance with Removal Statute

14. This Notice of Removal was properly filed in the United States District Court for the Northern District of Illinois, because the Circuit Court of Cook County, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

15. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

16. The Complaint was served on L&R on January 11, 2021. *See* Declaration of Mary A. Smigielski at ¶ 3, Ex. 1. Accordingly, this Notice of Removal is timely filed within 30 days of service of the Complaint, pursuant to 28 U.S.C. § 1446(b).

17 Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon L&R, as well as all those filed in this action, are attached as Exhibits A, B and C to the Declaration of Mary A. Smigielski, Ex. 1.

18. Pursuant to 28 U.S.C § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Cook County, Illinois today.

19. "L&R Group of Companies, Inc. d/b/a Wallypark," the other named defendant in this action, is a fictitious trade name and is not a real legal entity. *See* Lumer Dec. at ¶ 3, Ex. 2. Accordingly, "L&R Group of Companies, Inc. d/b/a Wallypark" is disregarded and not considered for purposes of removal under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1441 (b)(1).

## V. Conclusion

20. Defendant LR O'Hare Wallypark, LLC respectfully requests this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois.

Dated: February 10, 2021 Respectfully submitted,

/s/ Michael J. Roman

Mary A. Smigielski
  mary.smigielski@lewisbrisbois.com
Michael J. Roman
  michael.roman@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W. Adams St., Ste. 500
Chicago, Illinois 60661
Phone: (312) 345-1718
Fax: (312) 345-1778

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

  The undersigned attorney certifies that on February 10, 2021, he caused to be filed the foregoing Notice of Removal and corresponding exhibits with the Clerk of the Court for the Northern District of Illinois using the CM/ECF and that he caused to be served true and correct file-stamped copies of the documents to counsel listed below by email.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Attorney No. 38819
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

**HEDIN HALL LLP**
Frank S. Hedin
David W. Hall
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Eddie Pacheco*

/s/ Michael J. Roman